IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES CORNEILOUS HOLMAN,** ) <br> **#N22797,** ) <br>  ) <br> Plaintiff, ) <br>  ) <br> vs. ) <br>  ) <br> **BOBBY UNFRIED,** ) <br>  ) <br> Defendant. ) | **CASE NO. 11-cv-876-JPG** |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff James Corneilous Holman, an inmate in Logan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (based on an incident that occurred while Plaintiff was a pretrial detainee housed at Madison County Jail). Plaintiff is serving a nine year sentence for aggravated battery and vehicle theft. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

**The Complaint**

Plaintiff arrived at Madison County Jail on December 27, 2010, and started to discharge from his penis. Plaintiff visited Defendant Bobby Unfried, a nurse at the facility, who took a urine sample and provided plaintiff with medication. When the problem persisted, Plaintiff again visited Defendant, who stated that he must have been reinfected. Defendant took a second urine sample and told Plaintiff he would see a physician. Plaintiff states that he never saw a physician, and that the problem persisted. Plaintiff wrote Defendant several times, but she did not provide Plaintiff with any treatment.

Plaintiff seeks compensatory damages and injunctive relief in the form of immediate medical care.

**Discussion**

Although pre-trial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain". *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff fails to state facts sufficient to establish a serious medical need. Though penile discharge might indicate a medical problem, Plaintiff does not provide enough information for this court to determine whether his condition falls under any of the *Gutierrez* factors. Plaintiff fails to fulfill the objective prong of a deliberate indifference claim. Plaintiff's claim shall be dismissed at this time.

**Disposition**

IT IS HEREBY ORDERED that Plaintiff's complaint fails to state a claim upon which relief may be granted, and is **DISMISSED with prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: 6/12/2012

*s/J. Phil Gilbert*
**United States District Judge**